Entered on Docket
January 27, 2010
GLORIA L. FRANKLIN, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 27, 2010

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____



1 KATHERINE JOHNSON (CA SBN 259854)
CASPER J. RANKIN (CA SBN 249196)
2 JOSEPH C. DELMOTTE (CA SBN 259460)
PITE DUNCAN, LLP
3 4375 Jutland Drive, Suite 200
P.O. Box 17933
4 San Diego, CA 92177-0933
Telephone: (858) 750-7600
5 Facsimile: (619) 590-1385

6

7 Attorneys for LASALLE BANK, N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-AHL1

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MIGUEL CRUZ,<br><br><br><br><br><br><br><br>Debtor(s). | Case No. 09-14097<br><br>Chapter 7<br><br>R.S. No. JCD-5<br><br>ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>DATE: January 14, 2010<br>TIME:  9:00 a.m.<br><br><br>Northern District of California - San Jose Division<br>United States Bankruptcy Court<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 |

The above-captioned matter came on for hearing on January 14, 2010 at 9:00 a.m., upon the Motion of LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-AHL1 ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Miguel Cruz ("Debtor") commonly known as 4024 Rickenbacker Drive, Santa Rosa, California 95407 (the "Real Property"), which is legally described as follows:

SEE LEGAL DESCRIPTION AS EXHIBIT FOR PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY, DOCKET NUMBER 18.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362, is hereby terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

2. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is not waived;

3. Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

4. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

5. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

6. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

7. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

\*\* END OF ORDER \*\*